UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONEPLUS USA CORP., | Index No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| PHOBIO LLC, | |
| Defendant. | |

Plaintiff OnePlus USA Corp. ("**Plaintiff**") files this Complaint against Defendant Phobio LLC ("**Defendant**"), upon personal knowledge as to its own actions and upon information and belief as to all other matters, as follows:

## I.

## PARTIES

**A.     Plaintiff**

1.     Plaintiff OnePlus USA Corp. is a Nevada corporation with a principal place of business at Suite 300, Building 5, Riverside Commons, 5000 Riverside Drive, Irving, Texas 75039.

**B.     Defendant**

2.     Defendant Phobio LLC is a Georgia limited liability company with offices at 3100 Cumberland Blvd. SE, Suite 200, Atlanta, Georgia 30339.

1

## II.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a)(2) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant because Section 7 of the Phobio Trade-In Agreement, dated April 30, 2019, between Da Sheng International Trade Co. Limited ("**Da Sheng**"), Plaintiff's predecessor in interest, and Defendant (the "**Agreement**") provides that the parties agree to submit to the jurisdiction of a court of subject matter jurisdiction in the State of New York for any dispute relating to the Agreement.

5. Venue is proper in this district because Section 7 of the Agreement provides that the parties agreed to "venue of a court of subject matter jurisdiction located in the State of New York."

## III.

## FACTUAL BACKGROUND

**A.     The Parties Sign the Agreement In Which Defendant Agreed To Act As Plaintiff's Agent For Trade In Of Certain Devices.**

6. On or about April 30, 2019, Da Sheng and Defendant entered into the Agreement whereby Defendant accepted the appointment to act as Da Sheng's North American outsourcing agent for trade-in of certain used devices. The Agreement is attached as **Exhibit A** and is incorporated by reference.

7. Da Sheng was referred to in the Agreement as "OnePlus".

8. Plaintiff is the successor-in-interest to Da Sheng by virtue of a Novation Agreement executed by Da Sheng, Plaintiff and Defendant in which Da Sheng assigned to Plaintiff all of Da Sheng's rights and obligations in the Agreement.

9. Plaintiff started a trade in program that allows customers to buy a new phone from Plaintiff cheaper if they trade in a used phone at the same time.

10. At the time of purchase, the amount the customer receives as a discount for the new device is comprised of two items: (a) the trade-in value for the used device; and (2) a bonus if Plaintiff offers one at the time the customer trades in the used device.

11. Under the Agreement, once the customer bought the new device from Plaintiff and agreed to trade-in a used device, the customer sent the used device to Defendant.

12. When this happened, Defendant kept the used device and paid Plaintiff an agreed amount for the used device.

13. At various times throughout the Agreement, Plaintiff offered customers a bonus, which was determined by Plaintiff at its discretion.

14. The initial term of the Agreement was for one year and was set to automatically renew at the end of each successive year unless either party sent a non-renewal notice 30 days prior to the current term's expiration.

15. Section 7 of the Agreement states:

> This Agreement and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of New York. The parties herein waive trial by jury and agree to submit to the jurisdiction and venue of a court of subject matter jurisdiction located in State of New York. If litigation results from or arises out of this Agreement or the performance thereof, the parties agree to reimburse the prevailing party's reasonable attorney's fees, court costs, and all other expenses, whether or not taxable by the court as costs, in addition to any other relief to which the prevailing party may be entitled.

16. Thus, any suit relating to the Agreement must be brought in the state or federal courts of New York and interpreted by New York law.

**B.      Defendant Erroneously Issued A Bonus to Customers.**

17. In or around September 2023, Plaintiff advised Defendant that Plaintiff wished to offer bonuses for the trade-in of used devices, ranging from $200 to $500 depending on the model of the trade-in device (the "**Promotion**").

18. On or about October 13, 2023, Plaintiff sent Defendant a spreadsheet and confirmed that Plaintiff would issue bonuses to the customer directly, as had been the prior practice between the parties.

19. As customary, Defendant would continue to repay Plaintiff for the trade-in value of any used device the customer traded in.

20. On or about October 19, 2023, the Promotion went live.

21. Despite the parties' agreement and prior practice, however, on or about October 20, 2023, Plaintiff discovered that Defendant had erroneously also issued a bonus to the customers, which was in addition to the bonus Plaintiff offered.

22. Approximately 700 orders received duplicate bonuses, totaling nearly $138,099.00 in sales revenue that Plaintiff lost directly because of Defendant's mistake.

23. Defendant recommended that Plaintiff contact the affected customers directly, notifying them of the error and that Plaintiff would be clawing back the duplicate bonus.

24. Due to the risk of losing customer goodwill and its business reputation, however, Plaintiff did not do so.

25. Instead, Plaintiff requested that Defendant reimburse Plaintiff the total bonus value that Defendant had erroneously credited to the customers.

26. Defendant, however, refused.

IV.

**CLAIMS**

A. **COUNT 1: BREACH OF CONTRACT**

27. Plaintiff repeats and realleges each and every allegation in the above paragraphs with the same force and effect as if more fully set forth herein.

28. Under the Agreement and the custom and practice between the parties, Defendant would issue the trade-in value of any used device that customers traded in and Plaintiff would issue bonuses to the customers.

29. Indeed, Plaintiff confirmed with Defendant that the Promotion would follow this customary process.

30. Nevertheless, in the Promotion, Defendant issued a bonus to the customers, duplicating the bonus payment that Plaintiff already issued to its customers.

31. Therefore, Defendant breached the Agreement by erroneously issuing a duplicate bonus.

32. As a result, Plaintiff has suffered damages in the amount of at least $138,099.00.

B. **COUNT 2: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

33. Plaintiff repeats and realleges each and every allegation in the above paragraphs with the same force and effect as if more fully set forth herein.

34. Under New York law, a duty of good faith and fair dealing is implied in every contract, to the effect that neither party shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

35. Defendant had a duty as Plaintiff's outsourcing agent to ensure that Defendant properly administered the trade-in program and Promotion such that Plaintiff would receive the fruits of that contract.

36. Defendant, however, failed to follow Plaintiff's instructions and custom and practice between the parties regarding the bonus, thereby destroying Plaintiff's rights to receive the full benefit of the trade-in program.

37. As a result, Plaintiff has suffered damages in the amount of at least $138,099.00.

### C.  COUNT 3: GROSS NEGLIGENCE

38. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs with the same force and effect as if more fully set forth herein.

39. Defendant failed to exercise any diligence to ensure that the Promotion and trade-in program was executed pursuant to Plaintiff's instructions.

40. Defendant's actions indicate that it was recklessly indifferent to the possibility that Plaintiff could lose hundreds of thousands of dollars in sales.

41. As a result, Plaintiff has suffered damages in an amount of at least $138,099.00.

### V.

### DEMAND FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court enter a judgment in its favor against Defendant, awarding Plaintiff the following relief:

1. Compensatory damages in the amount of $138,099.00;

2. Exemplary, incidental, special and consequential damages in an amount to be determined at trial;

3.  Interest, costs, and disbursements of this action, including reasonable attorney's fees; and

4.  Such other and further relief as this Court deems just and proper.

Dated: May 28, 2025

                                                 **MEYNER AND LANDIS LLP**

*Catherine Pastrikos Kelly*
Catherine Pastrikos Kelly (CP3300)
100 Park Avenue
16th Floor
New York, New York 10016
ckelly@meyner.com
973-602-3423

*Attorneys for Plaintiff*
*OnePlus USA Corp.*