UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
ONEPLUS USA CORP.,                                                     :
                                                                       :
                              Plaintiff,                               :
                                                                       :
              -v-                                                      :   25 Civ. 4453 (JPC)
                                                                       :
PHOBIO LLC,                                                            :   ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

A hearing on Plaintiff's motion for default judgment against Defendant, Dkt. 22, is scheduled for November 5, 2025, at 10:00 a.m. Dkt. 21. No later than October 29, 2025, Plaintiff shall file a letter brief addressing the following three issues.

First, Plaintiff should address why the Amended Complaint adequately pleads this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). As background, the Court previously ordered Plaintiff to amend its original Complaint to properly allege Defendant's citizenship. Dkt. 7 ("Orig. Compl."). As alleged in that Complaint, Defendant is a limited liability company ("LLC"), *id.* ¶ 2, so it takes the citizenship of its members, *see Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Plaintiff filed an Amended Complaint on June 5, 2025, alleging, "[o]n information and belief," that the Defendant's two members are "individuals residing" in Michigan and Georgia. Dkt. 8 ("Am. Compl.") ¶¶ 4-5. Because as alleged, Defendant's members are individuals, their domicile, not residency, determines their citizenship for purposes of diversity jurisdiction. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *accord Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[I]t is well-established that allegations of residency alone cannot establish citizenship . . . ."). Yet, the Amended Complaint alleges only the

1

states of residency of Defendant's members, not their domiciles. Am. Compl. ¶¶ 4-5. Accordingly, in their letter brief, Plaintiff shall show cause why the Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) or the Court may *sua sponte* dismiss the action without prejudice. Additionally, under Federal Rule of Civil Procedure 7.1, Plaintiff shall file "a disclosure statement . . . [that] name[s]—and identif[ies] the citizenship of— every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2).

Second, Plaintiff's motion seeks default judgment on, *inter alia*, its causes of action for breach of contract and breach of the covenant of good faith and fair dealing. Dkt. 22-1 ("DJ Br."); *see* Am. Compl. ¶¶ 30-35 (alleging breach of contract), 36-40 (breach of the covenant). Plaintiff further maintains that New York law governs these claims. DJ Br. at 3, 6, 7. To recover for breach of contract under New York law, "a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between [the plaintiff] and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) *damages to the plaintiff caused by that defendant's breach*." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (emphasis added). A breach of the implied covenant "requires the existence of a duty, breach of that duty, causation, and *damages*." *Wilder v. World of Boxing LLC*, 310 F. Supp. 3d 426, 448 (S.D.N.Y. 2018) (quoting *Hadami, S.A. v. Xerox Corp.*, 272 F.Supp.3d 587, 598 (S.D.N.Y. 2017)) (emphasis added). Yet, the Amended Complaint does not allege how Plaintiff was injured when Defendant "erroneously also issued a bonus to the . . . in addition to the bonus Plaintiff offered." Am. Compl. ¶ 24. In its letter brief, Plaintiff shall address whether the Amended Complaint adequately alleges the elements of these causes of action.

Third, the Amended Complaint alleges that the Phobio Trade-In Agreement, dated April 30,

2019, is attached as Exhibit A. Am. Compl. ¶ 9. That agreement, however, is not attached to the Amended Complaint. *See generally id.*; *see also* Orig. Compl. ¶ 6 (also alleging that the Phobio Trade-In Agreement is attached to the original Complaint, but without that agreement in fact attached). In its letter brief, Plaintiff shall address whether the failure to attach the Phobio Trade-In Agreement to its pleadings impacts the Court's ability to grant default judgment.

Within two days of this Order, Plaintiff shall serve Defendant via overnight courier with a copy of this Order and file proof of such service on the docket. Similarly, within two days of filings its letter brief as required under this Order, Plaintiff shall serve Defendant via overnight courtier with a copy of that letter brief and file proof of such service on the docket.

SO ORDERED.

Dated: October 24, 2025
       New York, New York

_____
JOHN P. CRONAN
United States District Judge